[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11279
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00029-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER M. ARGUELLES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 3, 2019)

Before ROSENBAUM, GRANT, and FAY, Circuit Judges.

PER CURIAM:

Christopher Arguelles appeals his 150-month sentence for possession with the intent to view child pornography, including images of children under the age of 12. Arguelles argues that the court's within-guideline sentence was substantively unreasonable because the court did not give proper weight to his personal history and placed unwarranted weight on his criminal history.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). A sentence requires reversal where "we find that the district court has made a clear error of judgment." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). We will not remand for resentencing if the sentence is reasonable considering all the circumstances presented. *Id.*

The party who challenges the reasonableness of the sentence bears the burden to show that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Section 3553(a) mandates that the district court "impose a sentence sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, and provide the defendant with training, care, or treatment. 18 U.S.C. § 3553(a), (2)(A)–(D). The weight given to any specific § 3553(a) factor falls within the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743

2

(11th Cir. 2007). The district court may attach great weight to one § 3553(a) factor over the others. *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013).

Here, Arguelles has not met his burden to show the district court abused its discretion by imposing a within-guidelines sentence of 150 months. First, the district court considered all the § 3553(a) factors. In particular, and contrary to Arguelles's suggestions, the district court accounted for the sexual abuse Arguelles suffered during childhood—describing it as "tragic"—and weighed that abuse in the balance when sentencing Arguelles. Nevertheless, the district court also expressed reasonable concern for the public safety. Among other things, Arguelles had a long history of attraction to children, he was obsessed with sexual violence, law enforcement found sadistic and masochistic images on Arguelles's phone in this case, and Arguelles had a long and serious criminal history, which included, among other convictions, convictions for sexual abuse of family members, failure to report violations, and threatening to kill someone.

Ultimately, the court determined that the sentence it imposed best balanced these considerations. The court acted well within its discretion in doing so. *See Overstreet*, 713 F.3d at 638. Indeed, the 150-month sentence fell within the guideline range and well below the statutory maximum term of imprisonment of 240 months. These facts further suggest the sentence was substantively reasonable. *See United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016); *United States v. Hunt*,

526 F.3d 739, 746 (11th Cir. 2008).  In short, we conclude that the district court's sentence was substantively reasonable, and the judgment of the district court is therefore affirmed.

**AFFIRMED.**